UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL SHOPMEN PENSION FUND, *et. al.* <br>                     Plaintiffs, <br>               v. <br> BRUNNQUELL IRON WORKS, INC. <br>                     Defendant. | Civil Action No. 06-cv-01277 PLF |

**DECLARATION OF A. H. HIGGS, JR.**

CITY OF WASHINGTON,    )
                                  ) ss:
THE DISTRICT OF COLUMBIA   )

      A.H. Higgs, Jr. deposes and says:

      1.    The information contained in this Declaration is based upon my personal knowledge and information. If called as a witness, I will testify to such facts.

      2.    I am the Administrator of the National Shopmen Pension Fund ("Fund").

      3.    The Fund is a multiemployer pension fund established pursuant to Section 302 (c) of the Labor Management Relations Act and is subject to the Employee Retirement Income Security Act (ERISA). The Fund's purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund. It is governed by a Board of Trustees composed of an equal number of management and labor representatives. The Fund is governed pursuant to the terms of the Agreement and Declaration of Trust ("Trust Agreement") establishing the Fund.

      4.    Pursuant to collective bargaining agreements ("Agreements") between participating

employers and Local Unions of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, a contributing employer is obligated to submit monthly contribution reports listing employees' names, social security numbers, and hours worked for the month for which contributions are owed and to pay to the Fund monthly contributions on behalf of covered employees based on the reported hours worked at the rates specified in the applicable Agreements. The monthly contribution reports are essential to the proper crediting of benefits to an employer's workforce because benefits to which eligible employees are entitled from the Fund are based on a formula that takes into account both the employer's contribution rate and the employee's years of service.

5. Defendant Brunnquell Iron Works, Inc. is signatory to an Agreement with Local 502 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers covering the period September 16, 2005 through July 31, 2006 and continuing year to year thereafter. The Agreement states that Defendant will contribute to the Fund, for each employee to whom Agreement is applicable the sum of $0.23 per hour.

6. The Agreement provides that Brunnquell is bound by the Agreement and Declaration of Trust under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. The Trust Agreement and the Policy for Collection of Delinquent Contributions adopted by the Trustees pursuant to their authority under the Trust Agreement provides that a delinquent employer against whom a suit is filed is liable for: interest on delinquent contributions at the rate prescribed under 6621 of the Internal Revenue Code of 1954, currently seven percent per annum, and liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if

he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendants were expressly notified of this policy when it became a party to the Fund.

7. The Fund's Trust Agreement and Collection Policy also requires that a participating employer such as Defendants submit to a payroll audit upon request by the Fund so that the Fund can verify the amount of contributions owed to it.

8. For the month of July 2006, Defendants employed employees covered by the Collective Bargaining Agreement between it and Local 502 but failed to submit complete remittance reports or make the total required monthly contributions to the Fund for such employees. For the months of February 2006 through July 2006 Brunnquell failed to submit complete remittance reports and make the required monthly contributions to the Fund for such employees by th 20th of each month as expressly statement in the Collective Bargaining Agreement. Defendants failed to submit to the Fund the monthly remittance reports or provide Counsel with other detailed information as to the monthly contribution amounts owed for July 2006, based on these facts Fund estimates contributions to be $1,410.83.

9. Interest, on the delinquent contributions for the months of February 2006 through July 2006 calculated at the rate of seven percent per annum from the date each contribution was due until the earlier of the date paid or the date of judgment in the estimated total of $75.02.

10. Liquidated damages equal to twenty percent of the delinquent contributions for the months of February 2006 through July 2006 in the estimated total of $1,302.41. See Exhibit A.

I hereby declare under pain and penalty that the foregoing is true and correct.

Date: September 8, 2006                                           /s/ A. H. Higgs Jr.
                                                                                                            A.H. Higgs Jr.

H:\Clients\0150\204\Default\Higgs Declaration.wpd